DAVID A. HUBBERT
Deputy Assistant Attorney General

E. CARMEN RAMIREZ
CONNOR J. PESTOVICH
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-616-2885 (t) (Ramirez)
202-616-2378 (t) (Pestovich)
202-307-0054 (f)
E.Carmen.Ramirez@usdoj.gov
Connor.Pestovich@usdoj.gov
western.taxcivil@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No.  2:23-cv-00128-JCM-NJK |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SHIELD PROTECTION SERVICES INC., | ) **UNITED STATES' MOTION TO** |
| MELODY O'LEASCHA GARDETTE, aka | ) **ALLOW ADDITIONAL TIME FOR** |
| MELODY O'LEASCHA MILLER, and | ) **SERVICE TO CORRECT CLERICAL** |
| MICHAEL A. JACKSON, | ) **ERROR (First request)** |
| | ) |
| Defendants. | ) |
| | ) |

The United States hereby seeks to extend the time to serve defendant Michael A. Jackson, in his personal capacity, from April 24, 2023, to June 1, 2023.  This is the United States' first such request.  As described below, there is good cause for this request pursuant to Federal Rule of Civil Procedure 4(m).

**MEMORANDUM OF POINTS AND AUTHORITIES**

This is one of two suits concerning a federal income tax dispute.  The United States filed the first suit to obtain a judgment against Shield Protection Services for certain of its outstanding tax liabilities.  That suit was filed in the Eastern District of California, where Shield is or was

1

1 | based. (*United States v. Shield Protection Services Inc.*, Case No. 2:22-cv-02289-TLN-AC (E.D.
2 | Cal.)). Michael A. Jackson was an officer of Shield and its registered agent, and he resides in
3 | California. Although the California suit named Shield as a defendant, not Mr. Jackson, the
4 | United States served the California complaint on Mr. Jackson as Shield's representative.
5 |     Then, on January 24, 2023, the United States filed this suit, in Nevada, to foreclose its tax
6 | liens on certain real property located in Nevada, to help satisfy Shield's liabilities. In the Nevada
7 | case, the United States named both Shield and Mr. Jackson, in his personal capacity, as
8 | defendants in the Nevada suit, because the United States believed both Shield and Jackson might
9 | assert claims to the Nevada property. The United States also named Melody O'Leascha
10 | Gardette, aka Melody O'Leascha Miller, who was served on February 9, 2023. (*See* ECF No. 5).
11 |     The United States hired a process server to serve Mr. Jackson with: (1) the California
12 | complaint and summons for Shield, (2) the Nevada complaint and a summonses for Shield, and
13 | (3) the Nevada complaint and summons for Mr. Jackson in his personal capacity. The
14 | undersigned trial counsel believed that service in both cases was timely completed on Mr.
15 | Jackson and Shield on February 1, 2023. (*See* ECF Nos. 3 and 4). Neither Mr. Jackson nor
16 | Shield have answered either of the suits. The United States contacted Mr. Jackson and had
17 | several communications with him, and understands that he does not intend to appear or contest
18 | the suits.
19 |     The United States therefore began preparing requests for entries of default in both cases.
20 | The United States determined that the process server had provided two affidavits for service for
21 | Nevada that indicated Mr. Jackson's California address, but had failed to fill in the line
22 | specifying which affidavit was for Mr. Jackson and which for Shield. After discussions with the
23 | process serving company, the United States cannot be confident that Mr. Jackson was served
24 | with a copy of the Nevada summons naming him personally.
25 |     Mr. Jackson has received actual notice of both suits, but in an abundance of caution, the
26 | United States believes it best to re-serve him with the Nevada complaint and summons.
27 | However, if Mr. Jackson was not actually properly served, the 90 days for serving him expired
28 | April 24, 2023, given that the complaint was filed January 24, 2023. The United States therefore

requests that it be permitted additional time to re-serve Mr. Jackson. While the United States believes that service should be completed soon, it asks that the period be extended through June 1, 2023, in case there are further complications. This request does not create any unfair prejudice to Mr. Jackson or any other defendant; although Mr. Jackson has verbally indicated that he does not wish to contest the two cases, the United States has no objection to him answering within 21 days of the new service date, pursuant to Fed. R. Civ. P. 12.

WHEREFORE, the United States asks that the time for service on Mr. Jackson be extended through June 1, 2023.

Dated: May 17, 2023.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Connor J. Pestovich
E. CARMEN RAMIREZ
CONNOR J. PESTOVICH
Trial Attorney, Tax Division
U.S. Department of Justice

*Attorneys for the United States*

Dated: May 18, 2023

IT IS SO ORDERED:

_____
United States Magistrate Judge

3